**NORWALK TRUCK LINE COMPANY, Plaintiff, v. VINY et, Defendants.**

Common Pleas Court, Cuyahoga County.

No. 648764.   Decided March 24, 1955.

Harold O. Ziegler, J. Otis Ford, Cleveland, for plaintiff-appellant.
Halle, Haber, Berick & McNulty, Cleveland, for defendants-appellants.

(LYNCH, J, of Monroe County, sitting by designation in Cuyahoga County.)

## OPINION

By LYNCH, J.:

### Facts of the Case.

The pleadings filed in the case, the trial brief of plaintiff, the brief of plaintiff, the brief for defendants and the reply brief of plaintiff give the facts of the case, so, for that reason, the Court will not repeat all the facts in the case but only so much as are necessary for the purpose of this Opinion.

The property involved in this case was originally owned by the Union Salt Company, which was for many years engaged in the business of mining salt through deep wells drilled down to the salt beds under the lands in the general area. The Union Salt Company owned this property prior to 1936. In 1936, the City of Cleveland was preparing to construct a roadway along the lake front and the proposed roadway was to be a memorial shore way, and this proposed roadway along the shore way, particularly from East 55th Street East, was to be constructed over ground artificially created by filling into the shallow water of Lake Erie, immediately in front of the property then owned by the Union Salt Company and other adjacent properties. This proposed boulevard would interfere with and cut off direct access by the property owners to the waters of Lake Erie.

On October 26, 1937, a Petition was filed by S. H. Squire, Superintendent of Banks of the State of Ohio, as Liquidator of the Union Trust Company. The action was against the City of Cleveland and other defendants, seeking to enjoin the construction of such high speed boulevard unless compensation was paid for the damage sustained by the littoral owners to their property, including the littoral rights appurtenant thereto. In the Squire case, No. 469,182 in the Common Pleas Court, Cuyahoga County now reported in **150 Oh St 303,** by supplemental pleadings the action primarily became one in which they were seeking a declaration by the Court as to littoral rights as appurtenant to the upland bordering Lake Erie.

In view of the statements to follow, the Court is of the opinion that the successors in title to the property involved in this action should be briefly stated. The Union Salt Company sold this property to Morton Salt Company of Chicago. The Morton Salt Company of Chicago sold this property to My-Ton Corporation, which was a corporation owned by the defendants, Louis and Lenore Viny. Louis and Lenore Viny sold this property to the plaintiff in this action. My-Ton Corporation executed a lease to Norwalk Truck Line Company on June 6, 1950 (Plaintiff's Exhibit No. 7). This contained an option to purchase.

The Union Salt Company, in 1943, became a party to the Squire case and then, after a change of name to the Lake Erie Salt Company, filed an Answer and Cross-Petition in the Squire case.

The high speed boulevard over this filled in land was constructed during 1936 and 1937 as a four-lane highway, passing in front of the property of the Union Salt Company, on made land north of the 1914 natural shore line. The Union Salt Company (the Lake Erie Salt Company) sought damages for the interference with the littoral rights

appurtenant to its upland property (the present land owned by plaintiff herein). The Union Salt Company sold the property to Morton Salt Company in 1944 and, by an Entry of the Court in the Squire case, had reserved to itself all claims to damages to the company and its property which had accrued up to May 31, 1944, the Journal Entry in the Squire case, on September 19, 1944, being in part as follows:

"(E) That the Lake Erie Salt Company retains and now owns each and every cause of action for monetary damages accrued on May 31, 1944 for the loss of property rights, if any, or deprivation of the use and benefit of property rights, if any, connected in any way with the construction of the lake front highway."

The Morton Salt Company sold the property of to the My-Ton Corporation by Warranty Deed dated February 11, 1949 (Defendants' Exhibit A in this case), so the Union Salt Company (Lake Erie Salt Company) had rights for damages accrued up to May 31, 1944, and My-Ton Corporation had claims for any damages after May 31, 1944.

During the trial of the case, there was nothing offered to show any recent interference with the taking of rights for the proposed boulevard, so as far as the Court knows, from what was presented, the taking of rights had been accomplished during the time the land was owned by the now Lake Erie Salt Company and that company is still in the Squire case, seeking compensation for its damages, the claims for which it reserved as hereinbefore set forth,· up to and including May 31, 1944.

Plaintiff's Exhibits 9A and 9B show that a motion was filed in the Squire case for substitution of Louis Viny and Lenore Viny as parties defendant in place of the Union Salt Company on February 3, 1953, and that by Journal Entry, Louis Viny and Lenore Viny are now substituted as the owners of each and every cause of action heretofore asserted in the Cross-Petition of the Union Salt Company.

It was brought out in the trial of the case that the lessee in the Lease Agreement (Plaintiff's Exhibit No. 7) had exercised its option to purchase and that there was an action for specific performance but that parties did not proceed to trial but worked out whereby a deed of conveyance was made by Louis Viny and Lenore Viny to Norwalk Truck Line Company, the plaintiff herein (Plaintiff's Exhibit No. 1). Plaintiff herein became the owner of this property by deed dated February 16, 1953, which was recorded in Volume 7686, Pages 439-40-41 of the Deed Records of Cuyahoga County. There are certain reservations in this deed (Plaintiff's Exhibit No. 1) upon which a declaratory judgment is asked and which the Court will discuss later in this Opinion.

Plaintiff's Exhibit 2A and 2B are photostatic copies of a letter and envelope in which the law firm representing the defendants in this action notified the plaintiff herein, by said letter dated May 7, 1953, in effect, that after thirty days from the date of receipt of this notice Myron S. and Norton H. Viny will commence grading their lot next abutting the property to the north and fronting on Cleveland lake front highway to the established grade of said highway. These defendants, by this notice, were giving notice to the plaintiff that they were contemplating grading and excavating on filled in land north of the 1914

shore line. Myron S. Viny and Norton H. Viny are sons of Louis and Lenore Viny and they are the grantees in a deed marked Defendants' Exhibit E. This deed attempted to convey certain property, together with all the riparian and littoral rights appurtenant to the same.

The Court is of the opinion that the defendants have failed to prove that they have any land as between the 1914 shore line and the property of the plaintiff herein, and under the decision in the Squire case the location of the 1914 shore line was fixed and there is no ownership north of the same.

After receipt of the letter, of which Plaintiff's Exhibit No. 2A is a photostatic copy, the plaintiff filed its Petition in case No. 648,764 in the Common Pleas Court of Cuyahoga County, seeking a declaratory judgment and for injunction, etc.

The evidence in this case does not disclose that any of the parties to this action or their predecessors in title in any way caused any fill to be placed in the waters of Lake Erie, nor have they, in any artificial manner, extended the shore line. The evidence disclosed that the plaintiff, Norwalk Truck Line Company, purchased the property as described in Plaintiff's Exhibit No. 1, being the Warranty Deed which was executed on February 16, 1953. The evidence disclosed there was some friction between the parties regarding the exercise of the option and that matters were straightened out between the plaintiff and Louis Viny and wife, before said case came to trial, by the execution and delivery of the Warranty Deed known as Plaintiff's Exhibit No. 1.

On March 5, 1953, by Quit-Claim Deed (Defendants' Exhibit No. 3), Louis Viny and Lenore Viny conveyed to their two sons certain property which they claimed to have, together with riparian and littoral rights.

On May 7, 1953, Myron S. and Norton H. Viny, sons of Louis and Lenore Viny, notified Norwalk Truck Line Company of their grading plans on property abutting Norwalk Truck Line Company, and from said photostatic copy (Plaintiff's Exhibit No. 2), it would indicate that the grading would be on the filled in land north of the upland.

### Statement of the Law.

The plaintiff filed its Petition under authority of §2721.03 R. C. Annotation 15, under above Section, provides in substance as follows:

"In order that court will have jurisdiction in a proceeding for a declaratory judgment, it is essential

(1) a justiciable controversy exists concerning the declaration in question

(2) parties seeking such relief must plead facts to justify a declaration by the court as to their rights which would terminate the controversy

(3) the party seeking such relief must show that he has a legal interest in the controversy."

### Littoral Rights.

The leading cases in the State of Ohio are **State v. Cleveland and Pittsburgh Rd. Company (94 Oh St 61)** and **State, ex rel. v. City of Cleveland (150 Oh St 303)**.

The first six paragraphs of the syllabus to the case in **150 Oh St 303**

appear applicable to this case. The following are references to **State, ex rel. v. Cleveland (150 Oh St 303):**

Page 317: "The land of the plaintiff and the upland owners is located on the east basin of the Cleveland Harbor as upland property. The owners of these properties have title which extends to the natural shore line of Lake Erie, which is the 1914 shore line as determined by a survey

All land in front of the upland of the plaintiff and upland owners and to the north of the natural shore line has been made by an artificial fill, and the determination of the rights of the city, the plaintiff and the upland owners in this made land is a crucial question in this case."

Page 323: "6. The ownership of the waters of Lake Erie and of the land under them within the state is a matter of public concern. The trust with which they are held is governmental, and the state, as trustee for the people, cannot, by acquiescene or otherwise, abandon the trust property or permit a diversion of it to private uses different from the object for which the trust was created. The littoral owner is charged with knowledge that nothing can be done by him that will destroy the rights of the people in the trust estate."

Page 325 (littoral owner): "It must be remembered that his right, pending appropriate legislation, is one that can be exercised only in aid of navigation and commerce and for no other purpose. What he does is, therefore, in furtherance of the object of the trust and is permitted solely on that account."

Page 337: "The littoral owners of the upland have no title beyond the natural shore line. They have only the right of access and wharfing out to navigable waters. That right is a property right, although not a tangible one, and is subject to the superior right of the state, as the owner of title in trust for the people of the state, and of the United States with the authority accruing to it by virtue of its exclusive power over interstate commerce."

Page 342: "For we again repeat that the littoral rights of the upland owners are not titles to land, and though they are property rights, they are restricted and limited and entirely subservient to the power and authority of the state and federal governments in whatever either of them do in aid of navigation, water commerce or fishery."

### Opinion and Decision.

The Court, upon a consideration of the evidence and the law applicable thereto, is of the opinion that plaintiff has sustained the proof necessary for the Court to make a declaratory judgment on the issues presented in this case.

The Court is of the opinion that Plaintiff's Exhibit No. 1 definitely shows in the first paragraph that the northeastern boundary of the property of plaintiff is the last natural shore line of the waters of Lake Erie. The Court is of the opinion that the shore line is the 1914 shore line as mentioned in the Squire case (150 Oh St 303). The Court is of the opinion that neither the plaintiff nor the defendants have any title to the filled in lands north of the 1914 shore line of Lake Erie as it pertains to the properties involved in this action.

The Court is of the opinion that littoral rights, as defined by our Supreme Court, are as follows: a right appurtenant to the upland, giving

the owner of the upland the right to wharf out to navigable water for purposes of navigation, water commerce and fisheries.

The Court is of the opinion that the Union Salt Company (the Lake Erie Salt Company) retained and now owns each and every cause of action for monetary damages accrued on May 31, 1944 for the loss of property rights, if any, or deprivation of the use and benefit of property rights, if any, connected in any way with the construction of the lake front highway. The Court is of the opinion that Louis Viny and Lenore Viny, defendants herein, retained and now own each and every cause of action for monetary damages, which accrued from and after May 31, 1944 to February 16, 1953, for the loss of property rights, if any, or deprivation of the use and benefit of property rights, if any, connected in any way with the construction of the lake front highway, and they have a right to assert said claims for damages against the City of Cleveland during the period from and after May 31, 1944 to February 16, 1953. The Court is of the opinion that in the reservation clause of the Warranty Deed, known as Plaintiff's Exhibit No. 1, mention was made of riparian and littoral rights as that was and is the theory of Louis and Lenore Viny who became party defendants in Case No. 469,182, being State of Ohio, ex rel. v. The City of Cleveland et al. Louis and Lenore Viny were seeking, as defendants in that case, to secure damages for injuries to their riparian and littoral rights and the reservation in their deed to the plaintiff in this case, which was made thirteen days later (February 16, 1953), was for the protection of their claim for damages against the City of Cleveland.

**Paragraph 1 of the syllabus, 150 Oh St 303,** provides:

"A littoral proprietor has an incorporeal property right to wharf out to navigable waters for purposes of navigation."

The Court is of the opinion, under the decisions in Ohio, this incorporeal property right is in the one having Fee Simple title to the land and runs with the land.

The Court makes this decision or declaration of rights as regarding the issues in this case. The plaintiff is the owner of the property described in its Petition. The plaintiff's northerly boundary is the 1914 shore line. The defendants in this action cannot remove earth or fill material lying northerly of the 1914 shore line and thereby or otherwise interfere with plaintiff's right of ownership, including the right to have support for its land at the grade elevation existing at the time the property was transferred to plaintiff by Louis and Lenore Viny, or any other grade elevation; nor can defendants impair or interfere with plaintiff's right to full and complete access to the roadways lying northerly of the 1914 shore line, and no alterations or changes can be made by the defendants or anyone other than plaintiff in the physical conditions there existing; that plaintiff has complete and full rights to the full use and enjoyment of the unrestricted right of access to and from the roadways, and particularly for vehicles of all kinds, including the heavy trucks, heavy-duty equipment, motor vehicles of all kinds incident to the use and enjoyment of plaintiff's property for any and all uses including the uses and needs applicable to the conduct and operation of a motor freight business and the motor freight terminal located upon the

property of plaintiff, all being the use to which said property was adapted by the defendants and their predecessors in title prior to the entering into of the lease with option-to-purchase agreement with the Norwalk Truck Line Company and the subsequent transfer of title to it in accordance with the exercise of said option and the payment of the purchase price; that plaintiff's rights are rights running with the land owned by plaintiff, appurtenant thereto and applicable to any and all uses to which said property now or hereafter may be desired to be put by the owners thereof.

It, therefore, follows that the Norwalk Truck Line Company has the unrestricted right to construct and maintain appropriate roadways, ramps and driveways constructed with such materials and with appropriate grades, to enable it to have and maintain at all times appropriate means of ingress and egress for the trucks, conveyances and equipment to and from the service roadway presently located and constructed northerly of the 1914 shore line by the State Highway Department for the benefit of plaintiff's property, and to such roadways as may hereafter be available and built to serve said property; that defendants should be enjoined from in any way directly or indirectly interfering with the rights of plaintiff.

The Court, in making the above decision, is not changing the concept of the declaration of the State's title as found in the case of **State v. Cleveland and Pittsburgh Rd. Company (94 Oh St 61)**, which is as follows:

"The littoral owners of the upland have no title beyond the natural shore line; they have only the right of access and wharfing out to navigable waters. That right is a property right, although not a tangible one, and is subject to the superior right of the State as the owner of title in trust for the people of the State and of the United States, with the authority accruing to it by virtue of its exclusive power of interstate commerce." **(150 Oh St 337.)**

The defendants, Louis and Lenore Viny, have the right to assert and prosecute any claim for monetary damages from and after May 31, 1944 to February 16, 1953 for any loss or damage to their riparian or littoral property rights in the land now owned by plaintiff and described in plaintiff's Petition.

The Court is of the opinion that the Union Salt Company (the Lake Erie Salt Company) retained and now owns each and every cause of action for monetary damages accrued on May 31, 1944 for any loss or damage to the riparian or littoral property rights in the land formerly owned by them and now owned by the plaintiff. The Court recognizes the claims of Louis Viny and Lenore Viny as set out in the Journal Entry in Case No. 469,182 (Plaintiff's Exhibit 9B). The Court is not determining in this decision whether Union Salt Company or Louis and Lenore Viny are the owners of the claim for monetary damages accrued on May 31, 1944 for the loss of property rights or loss or damage to their riparian or littoral property rights, as there is no assignment of claims introduced here as an exhibit. The ownership of that claim for damages for loss to riparian or littoral rights, as above stated, is left to the

determination of the Court in State of Ohio, ex rel., etc. v. The City of Cleveland et al, Case No. 469,182, in the Common Pleas Court, Cuyahoga County, Ohio.

It is the decision of the Court that judgment should be entered for the plaintiff on the Cross-Petition filed herein, and that the defendants pay the costs of this proceeding.

Counsel for the plaintiff will prepare Journal Entry in Conformity to this Opinion and Decision.